# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO M. AGUIRRE,<br><br>        Petitioner,<br><br>    v.<br><br>F. GONZALEZ,<br><br>        Respondent. | Case No.  1:13-cv-00120-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on January 25, 2013.  In the petition, Petitioner claims the application of California Penal Code § 2933.6 by the California Department of Corrections and Rehabilitation ("CDCR") with respect to his gang validation violates the Ex Post Facto Clause.  Petitioner also raises a due process, equal protection, and eighth amendment challenge.

Petitioner sought review for his claims in the Kern County Superior Court, California Court of Appeal, Fifth Appellate District, and California Supreme Court.  See Petition at 3.

///

///

# I.

# DISCUSSION

### A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.   Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000)). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable

2

determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785, citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, ___ U.S. ___, 131 S.Ct. 733, 737, 178 L.Ed.2d 649 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. Cullen v. Pinholster, ___U.S. ___, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). "A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller–El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976–77 (2004).

Further, federal habeas courts review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

### C. Ex Post Facto Violation

Petitioner contends that the January 25, 2010, amendment to California Penal Code § 2933.6, which denies credits to inmates who are validated prison-gang associates and who are

3

housed in the security housing unit, violates the Ex Post Facto Clause because it changes the consequences of his 2008 gang validation to his disadvantage by denying him the ability to earn credits against his sentence, thereby lengthening his sentence.

On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence reduction conduct credits, was amended to read:

> (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.

In order for a law to be ex post facto, it must be both disadvantageous to the offender and retrospective. Weaver v. Graham, 450 U.S. 24, 29 (1981). To determine if a law is retrospective, "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date." Id. at 31.

In Weaver, the Court noted "the ex post facto prohibition ... forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." 450 U.S. at 30. At the time Weaver was convicted of his commitment offense, he was eligible for a specific number of gain-time credits awarded for good conduct. However, two years into his prison sentence, Florida reduced the number of gain-time credits inmate Weaver could accrue. As a result, inmate Weaver was "disadvantaged by the reduced opportunity to shorten his time in prison simply through good conduct." Id. at 33–34. The amendment reduced inmate Weaver's credits through no fault of his own. The only conduct triggering the application of the gain-time statute to inmate Weaver was his commission of the commitment offense, which took place two years prior to the amendment. Thus, the new law effectively lengthened inmate Weaver's prison term.

In <u>Lynce</u>, the Supreme Court applied the two-part test set forth in Weaver to determine if a Florida law which revoked overcrowding credits that had already been awarded was ex post facto. <u>Lynce v. Mathis</u>, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The Court held the new law "retroactively cancelled all provisional credits awarded to inmates convicted of murder or attempted murder." <u>Id.</u> at 436. The law clearly disadvantaged inmate Lynce because it "had the effect of lengthening [Lynce's] period of incarceration." Id. at 443. As in Weaver, the only conduct triggering the new application of the law was the commission of the crime years earlier.

In this instance, unlike the amendments in <u>Weaver</u> and <u>Lynce</u>, Section 2933.6 is not ex post facto because it is not retrospective, i.e., it does not punish inmates for conduct that was completed before the effective date of the amendment-January 25, 2010. Cal. Penal Code § 2933.6(a); <u>Kansas v. Hendricks</u>, 521 U.S. 346, 370–371, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (holding Kansas' Sexually Violent Predator Act is not an ex post facto law because, among other reasons, it is not retrospective since it permits involuntary confinement based on a determination of current mental disorder "and does not criminalize conduct legal before its enactment, nor deprive [petitioner] of any defense that was available to him at the time of his crimes.") The amendment to the law applies to Petitioner because of his continued association with the Mexican Mafia prison gang after January 25, 2010. Cal. Penal Code § 2933.6(a). <u>See</u> Petition, Ex. D. Petitioner is not being denied the privilege to earn credits after January 25, 2010, because of his pre-January 25, 2010, conduct. Rather, he is being denied the privilege to earn credits after January 25, 2010, because of his conduct after January 25, 2010. If Petitioner had not been an active associate of the gang after January 25, 2010, the law would not apply to him. <u>Id.</u>

Furthermore, the fact that Petitioner was validated as a prison gang associate before January 25, 2010, is of no consequence to the ex post facto analysis here because the conduct

being punished-active association with a prison gang-is continuing in nature and has continued after January 25, 2010. See e.g., Madrid v. Gomez, 889 F.Supp. 1146, 1270–1279 (N.D. Cal. 1995) (upholding the gang validation process and the accompanying periodic reviews to ensure inmates are properly placed in the security housing unit based on their continuing gang affiliation); Cal. Code Regs. tit. 15, § 3378(c)(1) (defining current prison gang activity "as any documented gang activity within the past six (6) years.") Thus, there is no merit to Petitioner's claim that section 2933.6 is an ex post facto law violation, and the state court determinations Petitioner challenges were not contrary to or an unreasonable application of existing Supreme Court precedent. Nor has Petitioner set forth clear and convincing evidence that the state courts made any factual errors.

### D. Due Process Violation

Petitioner contends the denial of credits violates his due process rights because he has a liberty interest protected by the Fourteenth Amendment.

A liberty interest may originate from the Due Process Clause or by state action. Hewitt v. Helms, 459 U.S. 460, 461 (1983); Wolff v. McDonnell, 418 U.S. 559 (1974). The Constitution ensures that a protected liberty interest is free from "atypical and significant hardship … in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-484 (1995).

Under California law, "[c]redit is a privilege, not a right." Cal. Penal Code § 2933(c). Accordingly, Petitioner does not have a federal right to earn prison credits. Kalka v. Vasquez, 867 F.2d 546, 547 (1989). Furthermore, as previously stated, Petitioner was not deprived of earned credits; rather, only his eligibility or capacity to earn credit in light of his gang activity was modified by § 2933.6. Thus, Petitioner's due process challenge is without merit and must be dismissed.

### E.   Equal Protection Violation

Petitioner contends that section 2933.6 violates the Equal Protection Clause of the Fourteenth Amendment. He specifically claims that the prison is discriminating against inmates who are placed in segregated housing, as compared to those gang members or associates who are housed in the general population.

Initially, there is no indication that this claim would affect the fact or duration of Petitioner's confinement and is not cognizable by way of § 2254. Furthermore, Petitioner fails to state facts sufficient to support his equal protection claim. Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Bell v. Wolfish, 441 U.S. 520, 545-546 (1979). An equal protection violation typically involves state action that discriminates against members of a suspect class. State action which does not implicate a fundamental right or suspect classification withstands scrutiny under the Equal Protection Clause so long as it bears a rational relation to a legitimate state interest. See City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976).

In this instance, Petitioner has failed to demonstrate that he is a member of a suspect class, that California Penal Code 2933.6 burdens a fundamental right, or that section 2933.6 is not rationally related to a legitimate state interest. Accordingly, Petitioner has failed to demonstrate an equal protection violation and his claim must be dismissed.

### F.   Continued Placement in Security Housing Unit/Some Evidence to Support Gang Validation Finding

Petitioner also contends that his placement in the Security Housing Unit (SHU) imposes a significant hardship on him because he has limited access to the law library, restricted visitation and is confined to his cell for lengthy periods of time, unlike the general population. Petitioner

7

also contends there was not "some evidence" to support the finding that he a validated gang member. These claims are not cognizable by way of § 2254.

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.3d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)).

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574. Because these claims involve the conditions of Petitioner's confinement they must be dismissed.

### G. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

>(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>>(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>>(B) the final order in a proceeding under section 2255.
>
>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief.  Accordingly, the Court declines to issue a certificate of appealability.

///

///

///

## II.

## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED;

2. The Clerk of Court is directed to terminate this action; and

3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 15, 2013**

UNITED STATES MAGISTRATE JUDGE